UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kelvin J.M., | Case No. 19-cv-884 (ECT/ECW) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| B. Birkholz, | |
| Respondent. | |

This matter is before the Court on Kelvin J.M.'s ("Petitioner") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. 1) ("Petition"); Petitioner's Motion for Summary Judgment to Vacate and/or Set Aside Parole Due to the Completion of Sentence Imposed Pursuant to Title 28 U.S.C. Sec. 2241 (Dkt. 11); Petitione [sic] respond to Respondents [sic] asking the Court to Dismiss Pro se Petition for Writ of Habeas Corpus, and Motion for Appointment of Counsel (Dkt. 13); Petitioner's Motion for Relief (Dkt. 17); and Petitioner [sic] respond to Respondents [sic] Motion to Dismiss His Motion for Relief (Dkt. 19). The Petition claims the United States Parole Commission's ("USPC") has improperly failed to consider Petitioner for parole. The case has been referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court recommends that the Petition and Motions be denied.

## I.   BACKGROUND

**A.   Petitioner's Underlying Crimes and Sentences**

On October 5, 1979, Petitioner was convicted of one count of kidnapping in Case No. 20381 in the Circuit Court of Prince George's County, Maryland. (Dkt. 7-1.) He was committed to the Maryland Commissioner of Corrections to serve a 25-year term of imprisonment for the offense. (*Id.*) The kidnapping offense at issue occurred on May 6, 1979. (Dkt. 8 at 5.)

On May 6, 1980, Petitioner was convicted of attempted first-degree rape, burglary, and assault and battery in Case Nos. 80-239 and 20768 in the Circuit Court of Prince George's County, Maryland. (Dkt. 7-2 at 1-2.) He was committed to the Maryland Commissioner of Corrections to serve an aggregate 20-year sentence (multiple concurrent sentences as to Case Nos. 80-239 and 20768) to run consecutive to his 25-year sentence in Case No. 20381, for a total term of 45 years. (Dkt. 7-1; Dkt. 7-2.) His sentence was imposed on July 9, 1980. (Dkt. 7-2 at 2.) The offenses at issue occurred on August 20, 1979. (Dkt. 8 at 5.)

On May 11, 1981, Petitioner was sentenced in Case No. F-5256-79 in the Superior Court of the District of Columbia, after being found guilty for burglary of a dwelling and assault with intent to commit rape, to an aggregate of 10 to 30 years in prison ("D.C. Sentence") to run consecutive to any other sentence he was then serving, including the sentences imposed by the State of Maryland. (Dkt. 7-3; Dkt. 7-5 at 1-3.) It was specifically noted in the Judgment and Commitment/Probation Order that a mandatory

2

minimum term did not apply. (Dkt. 7-3.) These crimes were committed by Petitioner on September 18, 1979. (Dkt. 7-5 at 1-2.)

On June 1, 2012, Petitioner became entitled to release from incarceration for the offenses committed in Maryland. (Dkt. 7-4.) Instead of being released into the community, he was released to a detainer lodged on May 11, 1981 by the United States Marshal's Service. (*Id.*) It is unclear from the record when Petitioner was released from the custody of the State of Maryland and was transferred to a United States Bureau of Prisons ("BOP") facility to serve the sentence imposed pursuant to his District of Columbia judgment. Petitioner's Sentence Monitoring Computation Data, as generated by Respondent, provides that the date the computation of his D.C. Sentence began on June 5, 2012.[1] (Dkt. 7-1 at 2.) Petitioner is currently incarcerated at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester"). (Dkt. 7-1 at 1.)

**B.     Parole Consideration**

The aggregated minimum term for the D.C. Sentence is 10 years of incarceration. (Dkt. 7-3; Dkt. 7-5 at 2.) According to Petitioner's Sentence Monitoring Computation

---

[1]     Respondent acknowledges the discrepancy between the June 1, 2012 Maryland release date and the June 5, 2012 commitment date and represented that this discrepancy will be addressed by the BOP. (Dkt. 6 at 3 n.3.)

3

Data, he is eligible for parole consideration on his D.C. Sentence in June 2022. (Dkt. 7-5 at 2.)

C. **Arguments Set Forth in the Petition, Amended Petition, and Motions**

1. **Original Petition**

The March 29, 2019 Petition challenges the fact that Petitioner has been denied parole status and hearings over 30 years. Petitioner asserts that he was entitled to a parole status hearing every year after the completion of the eighteenth month of his sentence pursuant to 28 C.F.R. §§ 2.20-2.28; the Due Process Clause of the First, Fifth, and Fourteenth Amendments; and 28 U.S.C. § 2241. (Dkt. 1-2 at 2-4.) The relief sought by Petitioner is parole status or unconditional release from incarceration. (Dkt. 1 at 8[2]; Dkt. 1-2 at 3.)

2. **Amended Petition (Dkt. 5)**

On April 29, 2019, prior to any response from Respondent, Petitioner filed a Motion to Amend the Civil Action Section 2241 of a Wrongful and Unjustifiable Denial of Parole Pursuant to 28 C.F.R. 2.20-2.28 and Rule 15(a)(1) of the Federal Rules of Civil Procedure, which was construed as an Amended Petition by the Clerk of Court. (*See* Dkt. 5.) Regardless, the requested relief is the same set forth in the Petition, except that Petitioner seeks to vacate his sentence or set aside the remainder of the sentence. Petitioner again asserts that he was entitled to a parole hearing every year after the completion of the eighteenth month of his sentence pursuant to 28 C.F.R. §§ 2.20-2.28;

---

[2]   Citations to Docket No. 1 refer to the CM/ECF pagination.

the Due Process Clause of the First, Fifth, and Fourteenth Amendments; and 28 U.S.C. § 2241.

### D.    Motion for Summary Judgment (Dkt. 11)

Petitioner's Motion for Summary Judgment is unclear. While the Petition seeks parole consideration by the USPC, the Motion for Summary Judgment appears to seek an order vacating or setting aside parole, but parole has not yet been granted. The basis for this Motion is as follows:

> Miles, comes now, with contention(s) in Statement of MOTION to VACATE and/or SET ASIDE Parole due to the FACTS that the Bureau of Prisons neglected and/or failed to assume custody thereafter his State sentence had fully expired upon the completion of one third of that sentence imposed under the "OLD LAW" Parole and Sentencing Guide-lines, which, would had began 15 years after conviction and sentencing of Miles by the State of Maryland, whereof, the Bureau of Prisons acquisition and imposition of its sentence should had been imposed and implemented in 1994, in which, respondent did purposely and deliberately neglected and/or failed to assume custody over him until 2012, which, was 18 years after the STATUTORY requirements of his State's sentence was completed and had expired after Statutory Good Time Credits were considered and calculated.
>
> * * *
>
> Miles, contend in Statement of Facts in MOTION for a SUMAMRY [sic] JUDGMENT to VACATE and/or SET ASIDE Parole that besided [sic] perpetrating a delayed acquisitioning and assuming of custody after his sentence had Statutorily expired and completed it is [sic] found that the District Court imposed sentence subjected Miles to DOUBLE JEOPARDY of having had been sentenced in two Courts for the identical offenses that WARRANTS REDRESS as a MALICIOUS PROSECUTION and CRIMINAL MISCONDUCT.

(Dkt. 11 at 2-3.)

It appears that Petitioner is arguing that Respondent violated the prohibition against double jeopardy by not allowing his District of Colombia sentence to run after his

5

service of one-third of his Maryland sentence under the "'OLD LAW' Parole and Sentencing Guide-lines," when he was eligible for parole under the Maryland offense, which he argues should have begun 15 years after the Maryland convictions and sentencings (presumably he is referring to one-third of the 45 years he was sentenced for in Maryland). (*Id*. at 3.) Petitioner also argues that "the District Court imposed sentence subjected Miles to DOUBLE JEOPARDY of having had been sentenced in two Courts for the identical offenses that WARRANTS REDRESS as a MALICIOUS PROSECUTION and CRIMINAL MISCONDUCT." (*Id.*)

### E.     Motions for the Appointment of Counsel and Relief (Dkts. 13, 17, and 19)

Petitioner's "Motion for Appointment of Lawyer" is conclusory and contains no legal or factual basis for such relief. (*See* Dkt. 13 at 2.) An exhibit to this motion consists of documents related to administrative claim process under the Federal Tort Claims Act by Petitioner against the BOP regarding the conditions of his confinement, and are unrelated to the Petition and the Amended Petition. (Dkt. 15).

In his subsequent Motion for Relief (Dkt. 17), Petitioner claims that he is entitled to release because the present matter has been pending for 150 days. (*Id.*) He also seeks the appointment of counsel as part of this Motion. (*Id.*)

In his November 15, 2019 Motion for Relief (Dkt. 19), Petitioner asks not to dismiss his "motion for relief in which Respondent is trying to do Petitioner double jeopardy, Respondent did not respond within 30 days which [sic] court order[.]" (*Id.*)

6

## II.   ANALYSIS WITH RESPECT TO THE PETITION, MOTION FOR SUMMARY JUDGMENT, AND MOTION FOR RELIEF (DKTS. 1, 5, 11, 19)

"Writs of habeas corpus may be granted by the Supreme Court . . . the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). "The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

### A.   Petitioner's Challenge as a D.C. Code Offender of the USPC's Refusal to Provide Him with a Parole Hearing

Respondent argues that Petitioner has not served enough time on his D.C. Sentence to qualify for an initial parole hearing.[3] (Dkt. 6 at 4.) According to Respondent, Petitioner was imprisoned from 1979 until 2012 in the State of Maryland pursuant to the judgments of Maryland state courts for violations of Maryland state law that pre-date his District of Columbia crimes. (*Id.*) As such, Respondent contends that Petitioner did not begin to serve the sentences imposed for his District of Columbia

---

[3]   Petitioner argues that Respondent's response to the Petition was untimely. (Dkt. 13.) As it pertains to Section 2241 petitions, a "respondent is not required to answer the petition unless a judge so orders." Rules Governing Section 2254, Rule 5. "Although the Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241." *Spencer v. Marques*, No. 19-CV-94 (PJS/SER), 2019 WL 3893025, at *2 (D. Minn. July 17, 2019), *R&R adopted*, 2019 WL 3890840 (D. Minn. Aug. 19, 2019) (citing Rule 1(b); *Mickelson v. United States*, Civil No. 01-1750 (JRT/SRN), 2002 WL 31045849 at *2 (D. Minn. 2002)). Here, Respondent served and filed his response to the Petition on May 2, 2019, in accordance with this Court's April 3, 2019 Order requiring Respondent to file a response within 30 days of the Order. (Dkts. 4, 6.) The Court only issued an Order to respond after granting Petitioner's application to proceed IFP. (Dkt. 4.) Accordingly, the Court finds that the response to the Petition was timely.

7

crimes until June 2012. (*Id.*) Because Petitioner was sentenced on his District of Columbia offenses to minimum of 10 and maximum of 30 years, to run consecutive to any other sentence he was then serving, and because he did not start his D.C. Sentence until June 2012, it is Respondent's position that Petitioner is not eligible for parole until June 2022, when he will have served his minimum sentence. (*Id.* (citing 28 C.F.R. § 2.73).)

On August 5, 1997, Congress enacted the National Capital Revitalization and Self–Government Improvement Act, Pub. L. No. 105–33, § 11,231, 111 Stat. 251 (1997) ("Revitalization Act"). "'The Revitalization Act abolished the D.C. Parole Board and directed the USPC to conduct parole hearings for D.C. Code offenders **pursuant to the parole laws and regulations of the District of Columbia**.'" *Fisher v. Fulwood*, 774 F. Supp. 2d 54, 55-56 (D.D.C. 2011) (emphasis added) (quoting *Sellmon v. Reilly*, 551 F. Supp. 2d 66, 68 (D.D.C. 2008) (internal citations and quotation marks omitted)); *see also* D.C. Code § 24-131(c) ("The Parole Commission shall exercise the authority vested in it by this section pursuant to the parole laws and regulations of the District of Columbia . . . ."). Therefore, the Commission has "jurisdiction and authority . . . to grant and deny parole . . . [to] any imprisoned felon who is eligible for parole or reparole under the District of Columbia Code." *Franklin v. District of Columbia*, 163 F.3d 625, 632 (D.C. Cir. 1998).

It is important to note that District of Columbia has also given the USPC the authority to issue regulations interpreting or implementing the parole laws of the District of Columbia:

8

> The Parole Commission shall have exclusive authority to amend or supplement any regulation interpreting or implementing the parole laws of the District of Columbia with respect to felons, provided that the Commission adheres to the rulemaking procedures set forth in § 4218 of title 18, United States Code.

D.C. Code § 24-131. To this end, the USPC has issued the following regulation, relied upon by Respondent, pertaining to the timing of parole eligibility:

> a) **In accordance with D.C. Code 24–404(a), the Commission shall be authorized to release a prisoner on parole in its discretion after the prisoner has served the minimum term of the sentence imposed, if the following criteria are me**t:
>
> (1) The prisoner has substantially observed the rules of the institution;
>
> (2) There is a reasonable probability that the prisoner will live and remain at liberty without violating the law; and
>
> (3) In the opinion of the Commission, the prisoner's release is not incompatible with the welfare of society.
>
> (b) **It is the policy of the Commission with respect to District of Columbia Code offenders that the minimum term imposed by the sentencing court presumptively satisfies the need for punishment for the crime of which the prisoner has been convicted**, and that the responsibility of the Commission is to account for the degree and the seriousness of the risk that the release of the prisoner would entail. This responsibility is carried out by reference to the Salient Factor Score and the Point Assignment Table at § 2.80. However, there may be exceptional cases in which the gravity of the offense is sufficient to warrant an upward departure from § 2.80 and denial of parole.

28 C.F.R. § 2.73[4] (emphases added). D.C. Code 24–404(a) reference in provides in relevant part:

---

[4]   While it is not clear, it appears that Petitioner may be asserting that he should be granted a parole hearing in accordance with 28 C.F.R. §§ 2.20-2.28. (Dkt. 1-2 at 1; Dkt. 11 at 4.) However, Petitioner ignores the that fact that a different subpart of the Federal Regulations governs the USPC, in part, with respect to D.C. Code offenders, as well as

9

> Whenever it shall appear to the United States Parole Commission ("Commission") that there is a reasonable probability that a prisoner will live and remain at liberty without violating the law, that his or her release is not incompatible with the welfare of society, and **that he or she has served the minimum sentence imposed** or the prescribed portion of his or her sentence, as the case may be, the Commission may authorize his or her release on parole upon such terms and conditions as the Commission shall from time to time prescribe.

D.C. Code § 24-404(a) (emphasis added). Petitioner's initial parole hearing, if he applies for it, will not be until approximately 180 days before his parole eligibility date, to the extent practicable. *See* 28 C.F.R. § 2.71(b).

In this case, Petitioner was detained by the BOP for the purposes of serving his D.C. Sentence sometime between June 1 and June 5, 2012.[5] As set forth above,

---

the parole laws and regulations of the District of Columbia. *See* 28 C.F.R. § 2.70; D.C. Code § 24-131.

[5] The Court notes that Petitioner's argument that he should already be parole-eligible as to the D.C. Sentence because the BOP failed to start this sentence within 15 years of his Maryland sentence (on the basis that he was entitled to parole at that time with respect to the Maryland sentences) ignores the fact that District of Columbia court ordered that his sentence run consecutive to any existing sentence, which would have included the Maryland sentences, and the fact that he was not ultimately released from Maryland custody until June 2012. (Dkt. 7-3; Dkt. 7-4.) There is simply no evidence in the record regarding Petitioner's eligibility or consideration for parole by Maryland. Moreover, "the court which first takes the subject-matter of the litigation into its control, whether this be person or property, must be permitted to exhaust its remedy, to attain which it assumed control, before the other court shall attempt to take it for its purpose." *See Ponzi v. Fessenden*, 258 U.S. 254, 260 (1922). To hold that Petitioner is entitled to an earlier parole eligibility date on this record would frustrate the intentions of both the Maryland courts as well the Superior Court of the District of Columbia, which expressly made his D.C. Sentence consecutive to the Maryland sentences, which he ultimately completed in June 2012. Similarly, the Court notes that even to the extent it has the authority to consider Petitioner's double jeopardy argument, double jeopardy is not implicated based on the present record given that the Maryland and District of Columbia convictions and sentences pertained to separate offenses involving different victims, which occurred on different dates. *See United States v. Schropp*, 829 F.3d 998, 1003 (8th

10

Respondent argues that the present Petition should be denied as premature because under 28 C.F.R. § 2.73 his eligibility for parole does not begin until sometime in June 2022. This represents the 10-year minimum sentence starting to run from his date of commitment as to the D.C. Sentence. Given that Plaintiff has not yet served the minimum sentence he is not entitled to parole consideration under 28 C.F.R. § 2.73.[6]

Because Petitioner is not presently entitled to release, parole or consideration for parole at this time, the Petition should be denied without prejudice.

**B.      Petitioner's Due Process Challenge**

Petitioner asserts, in a conclusory manner, that the Petition should be granted in accordance with "Due Process of Law Clauses" under First, Fifth, and Fourteenth Amendments. (Dkt. 1-2 at 2-4; Dkt. 5.) "'To trigger the due process clause under the circumstances presented, plaintiff must first identify a protected liberty interest, but it is established that D.C. prisoners do not have a constitutionally protected liberty interest in being released to parole.'" *Rious v. U.S. Parole Comm'n*, 183 F. Supp. 3d 170, 173 (D.D.C. 2016) (quoting *Johnson v. District of Columbia*, 67 F. Supp. 3d 157, 164 (D.D.C. 2014), *aff'd*, 927 F.3d 539 (D.C. Cir. 2019), citing *Ellis*, 84 F.3d at 1415 ("the Constitution itself does not create any liberty interest in parole," and "such an interest

---

Cir. 2016) ("Essentially, the Double Jeopardy Clause 'protects against multiple punishments for the same offense.'") (quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794 (1989)).

[6]      While not raised by Petitioner, the Court notes that the USPC should consider the applicability, if any, of D.C. Code § 24-408(b) to Petitioner's ultimate parole eligibility, given the nature of his offenses and the fact that he was sentenced to an indeterminate sentence of 10 to 30 years with no mandatory minimum. (Dkt. 7-3; Dkt. 7-5 at 2.)

11

must emanate from state law, or in this case, District of Columbia law.") (citation omitted); *see also Boling v. United States Parole Comm'n*, No. 17-5285, 2018 WL 6721354, at *1 (D.C. Cir. Dec. 19, 2018), *cert. denied*, 140 S. Ct. 268 (2019) ("due process claim fails because neither the Constitution nor D.C. law creates a due process liberty interest in parole") (citing *Ellis*, 84 F.3d at 1415; D.C. Code § 24-404); *Anyanwutaku v. Moore*, 151 F.3d 1053, 1059 (D.C. Cir. 1998) ("Anyanwutaku has failed to allege that he has been deprived of a protected liberty interest, the first element of any due process claim. D.C. law creates no liberty interest in a parole eligibility date, much less one within sixty days of incarceration, since misdemeanants must serve one-third of their aggregate sentences before being considered for parole, *see* D.C. Code Ann. § 24–208(a)."); *Redmond v. United States Parole Comm'n*, No. CV 18-2214 ( CKK), 2019 WL 4194794, at *4 (D.D.C. Sept. 4, 2019).

Because neither the Constitution nor D.C. law creates a due process liberty interest in parole, Petitioner's due process challenge related to not receiving parole consideration from the USPC before his date of eligibility fails.[7]

---

[7] To the extent that Petitioner is making a substantive due process claim, it too fails. "To establish a substantive due process violation, the [Petitioner] must demonstrate that a fundamental right was violated and that [the Respondent's] conduct shocks the conscience." *Folkers v. City of Waverly, Ia.*, 707 F.3d 975, 980 (8th Cir. 2013); *see also Stoddard v. Wynn*, 68 F. Supp. 3d 104, 113 (D.D.C. 2014) (quoting *Estate of Phillips v. District of Columbia*, 455 F.3d 397, 403-04 (D.C. Cir. 2006)) ("To state a substantive due process claim, a plaintiff must assert that a government official was so 'deliberately indifferent' to his constitutional rights that the official's conduct 'shocks the conscience.'"). "Only in the rare situation when the state action is truly egregious and extraordinary will a substantive due process claim arise." *Strutton v. Meade*, 668 F.3d 549, 557 (8th Cir. 2012); *see also Estate of Phillips*, 455 F.3d at 403 (citation omitted). "The sort of behavior [Petitioner] alleges the Commission engaged in, such as the failure

## C. Conclusion

For all of the reasons stated forth above, the Petition/Amended Petition and Petitioner's Motion for Summary Judgment and Motion for Relief should be denied.

## III. ANALYSIS WITH RESPECT MOTIONS TO APPOINT COUNSEL AND FOR RELIEF (DKTS. 13 AND 17)

### A. Appointment of Counsel (Dkts. 13 and 17)

Petitioner asks the Court to appoint counsel to represent him in this proceeding. Pro se litigants, (whether prisoners or non-prisoners), do not have a constitutional or statutory right to counsel in civil cases. *See Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). Rather, the appointment of counsel in cases such as this one is a matter committed to the discretion of the trial court. *See McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997); *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982). Among the factors the court should consider in determining whether to appoint counsel are the factual complexity of the case, the ability of the litigant to present his claims, the complexity of the legal issues, and whether both the litigant and the Court would benefit from representation by counsel for both parties. *See McCall*, 114 F.3d at 756; *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

The Court finds that neither the facts nor the legal issues involved in this case are so complex as to warrant appointment of counsel. It appears to the Court that Petitioner has the threshold ability to articulate his claims and to argue his positions, and his

---

to follow internal regulations and the unjustified denial of parole, does not meet that standard." *Dufur v. U.S. Parole Comm'n*, 314 F. Supp. 3d 10, 26 (D.D.C. 2018).

submissions in this matter demonstrate that he has been able to communicate effectively with the Court. Moreover, the Court is presently satisfied that appointment of counsel would not substantially benefit Petitioner or the Court. Petitioner's requests for appointment of counsel should therefore be denied.

**B.    Request for Relief Under Rule 58 (Dkt. 17)**

In his Motion for Relief (Dkt. 17), Petitioner claims that because the present matter has been pending for 150 days, he is entitled to release under Rule 58(c)(2)(B) of the Federal Rules Civil Procedure. Under Rule 58(c)(2)(B), where a separate document is required, final judgement is entered at the date set out in the separate document or 150 days after entry in the civil docket. *See* Fed. R. Civ. P. 58(c)(2)(B). The Court has not yet issued an order on the present Petition, and therefore the application of Rule 58 regarding final judgment is premature. As such, this Motion for Relief should be denied.

## IV.    RECOMMENDATION

Based on the files, records, and proceedings herein, **IT IS RECOMMENDED THAT**:

1.    The Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. 1) ("Petition") and the Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. 5) be **DENIED** and that they be **DISMISSED WITHOUT PREJUDICE**.

2.    Petitioner's Motion for Summary Judgment to Vacate and/or Set Aside Parole Due to the Completion of Sentence Imposed Pursuant to Title 28 U.S.C. Sec. 2241 (Dkt. 11) be **DENIED**;

14

3.  Petitione [sic] respond to Respondents [sic] asking the Court to Dismiss Pro se Petition for Writ of Habeas Corpus, and Motion for Appointment of Counsel (Dkt. 13) be **DENIED**;

4.  Petitioner's Motion for Relief (Dkt. 17) be **DENIED**; and

5.  Petitioner [sic] respond to Respondents [sic] Motion to Dismiss His Motion for Relief (Dkt. 19) be **DENIED**.

DATED: January 24, 2020    *s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge

## NOTICE

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under District of Minnesota Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in D. Minn. LR 72.2(c).