_____

Kelvin J. Miles,                                        File No. 19-cv-884 (ECT/ECW)

           Petitioner,
                                                          **ORDER ACCEPTING REPORT**
v.                                                        **AND RECOMMENDATION**

B. Birkholz,

           Respondent.
_____

Magistrate Judge Elizabeth Cowan Wright issued a Report and Recommendation on January 24, 2020. ECF No. 22. Magistrate Judge Wright recommends denying and dismissing Miles's petition for a writ of habeas corpus and his other pending motions. *Id.* Miles filed an objection to the Report and Recommendation. ECF No. 23. Two of Miles's objections are sufficiently vague to warrant clear error review. *See, e.g.*, *United States v. Flor*, No. 18-cv-699 (JRT/BRT), 2019 WL 293237, at *2 (D. Minn. Jan 23, 2019) ("Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error." (quoting *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015))). Regardless, the Report and Recommendation will be reviewed de novo pursuant to 28 U.S.C. 636(b)(1) and Local Rule 72.2(b)(3). *Jackson v. Nixon*, 747 F.3d 537, 544 (8th Cir. 2014).

On de novo review, the Report and Recommendation will be accepted. Miles's objection that he "was denied process of laws" is a legal conclusion that does not respond

specifically to, or call into question, the Report and Recommendation's analysis of his due

process argument. *See* Report and Recommendation at 11–12. Miles's objection to pages

7, 8, and 9 of the Report and Recommendation makes no sense. Those pages of the Report

and Recommendation address the Revitalization Act and the regulations that govern the

United States Parole Commission's jurisdiction and authority to conduct parole hearings

for District of Columbia Code offenders, *id.* at 7–9, while Miles's objection states that "[h]e

was not brought up for Maryland Parole sentence of one fifth of his time. [F]or kidnapping

charge was sentenced to 25 years consecutive to 20 years to attempted rape charge," Obj.

at 1. To the extent Miles argues he should have received parole while serving his Maryland

sentence and therefore started his D.C. sentence earlier than 2012, the objection is

unsupported by the record and simply restates an argument rejected by the Report and

Recommendation, without meaningfully responding to the Report and Recommendation's

analysis. *See* Report and Recommendation at 10, n.5. Finally, Miles objects to the Report

and Recommendation for issues surrounding his convictions. Obj. at 2. These arguments

are raised for the first time in his objection and are therefore waived. *See Ridenour v.*

*Boehringer Ingelheim Pharms., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012). Further, Miles

has not attempted to show that a motion under D.C. Code § 23-110 would have been

"inadequate or ineffective to test the legality of his detention," such that he might make a

collateral challenge to his conviction in this § 2241 petition. *See* D.C. Code § 23-110(g)

("An application for a writ of habeas corpus . . . shall not be entertained . . . by any Federal

or State court if it appears that the applicant has failed to make a motion for relief under

this section or that the Superior Court has denied him relief, unless it also appears that the

remedy by motion is inadequate or ineffective to test the legality of his detention."); *Butler*

*v. United States*, 388 A.2d 883, 886 n.5 (D.C. 1978) (noting that § 23-110 "is nearly

identical and functionally equivalent to" 28 U.S.C. § 2255, and the court "therefore rel[ies]

on cases construing the federal rule"); *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir.

2003) ("It is well settled a collateral challenge to a federal conviction or sentence must

generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and

not in a habeas petition filed in the court of incarceration . . . under § 2241.").

## ORDER

Therefore, based upon all the files, records, and proceedings in the above-captioned

matter, **IT IS ORDERED THAT**:

1.      Miles's Objections [ECF No. 23] to Magistrate Judge Wright's January 24

Report and Recommendation are **OVERRULED**;

2.      The Report and Recommendation [ECF No. 22] is **ACCEPTED**;

3.      The Petition for Writ of Habeas Corpus [ECF No. 1] and the Amended

Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [ECF No. 5] are **DENIED**

and **DISMISSED WITHOUT PREJUDICE**;

4.      Petitioner's Motion for Summary Judgment to Vacate and/or Set Aside

Parole Due to the Completion of Sentence Imposed Pursuant to Title 28 U.S.C. Sec. 2241

[ECF No. 11] is **DENIED**;

5.      "Petitione [sic] respond to Respondents [sic] asking the Court to Dismiss Pro

se Petition for Writ of Habeas Corpus, and Motion for Appointment of Counsel" [ECF No.

13] is **DENIED**;

6.      Petitioner's Motion for Relief [ECF No. 17] is **DENIED**; and

7.      Petitioner [sic] respond to Respondents [sic] Motion to Dismiss His Motion

for Relief [ECF No. 19] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  March 12, 2020                    s/Eric C. Tostrud
                                          Eric C. Tostrud
                                          United States District Court